# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ContentNexus LLC,** | Case No. 2:25-cv-990 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Zinwell Corporation,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff ContentNexus LLC ("Plaintiff"), through its attorneys, complains of Zinwell Corporation ("Defendant"), and alleges the following:

**PARTIES**

2. Plaintiff ContentNexus LLC is a corporation organized and existing under the laws of New Mexico that maintains its principal place of business at 1209 Mountain Rd Pl NE STE n, Albuquerque, NM 87110.

3. Defendant Zinwell Corporation is a corporation organized and existing under the laws of Taiwan that maintains an established place of business at 7F 512, Yuanshan Rd., Zhonghe Dist., New Taipei City 235, Taiwan (R.O.C.).

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

### PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,616,638; 7,747,217; 7,769,170; 7,818,778; 7,823,175; 8,566,868; and 8,804,727 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### THE '638 PATENT

9. The '638 Patent is entitled "Signal processing apparatus and methods," and issued 2020-04-07. The application leading to the '638 Patent was filed on 1995-05-16. A true and correct copy of the '638 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

### THE '217 PATENT

10. The '217 Patent is entitled "Signal processing apparatus and methods," and issued 2010-06-29. The application leading to the '217 Patent was filed on 1995-06-07. A true and

correct copy of the '217 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '170 PATENT

11. The '170 Patent is entitled "Signal processing apparatus and methods," and issued 2010-08-03. The application leading to the '170 Patent was filed on 1995-05-22. A true and correct copy of the '170 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### THE '778 PATENT

12. The '778 Patent is entitled "Signal processing apparatus and methods," and issued 2010-10-19. The application leading to the '778 Patent was filed on 1995-06-07. A true and correct copy of the '778 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

### THE '175 PATENT

13. The '175 Patent is entitled "Signal processing apparatus and methods," and issued 2010-10-26. The application leading to the '175 Patent was filed on 1995-06-06. A true and correct copy of the '175 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

### THE '868 PATENT

14. The '868 Patent is entitled "Signal processing apparatus and methods," and issued 2013-10-22. The application leading to the '868 Patent was filed on 1995-06-02. A true and correct copy of the '868 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

### THE '727 PATENT

15. The '727 Patent is entitled "Signal processing apparatus and methods," and issued 2014-08-12. The application leading to the '727 Patent was filed on 1995-06-02. A true and correct copy of the '727 Patent is attached hereto as Exhibit 7 and incorporated herein by reference.

**COUNT 1: INFRINGEMENT OF THE '638 PATENT**

16. Plaintiff incorporates the above paragraphs herein by reference.

17. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '638 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '638 Patent also identified in the charts incorporated into this Count below (the "Exemplary '638 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '638 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

18. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '638 Patent Claims, by having its employees internally test and use these Exemplary Products.

19. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

20. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '638 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '638 Patent. See Exhibit 8 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

21. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '638 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '638 Patent.

22. Exhibit 8 includes charts comparing the Exemplary '638 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '638 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '638 Patent Claims.

23. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '217 PATENT

25. Plaintiff incorporates the above paragraphs herein by reference.

26. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '217 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the

charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '217 Patent also identified in the charts incorporated into this Count below (the "Exemplary '217 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '217 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

27. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '217 Patent Claims, by having its employees internally test and use these Exemplary Products.

28. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

29. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '217 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '217 Patent. See Exhibit 9 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

30. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '217 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '217 Patent.

32. Exhibit 9 includes charts comparing the Exemplary '217 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '217 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '217 Patent Claims.

32. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

33. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '170 PATENT

34. Plaintiff incorporates the above paragraphs herein by reference.

35. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '170 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '170 Patent also identified in the charts incorporated into this Count below (the "Exemplary '170 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '170 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '170 Patent Claims, by having its employees internally test and use these Exemplary Products.

37.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

38.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '170 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '170 Patent. See Exhibit 10 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

39.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '170 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '170 Patent.

40.     Exhibit 10 includes charts comparing the Exemplary '170 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '170 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '170 Patent Claims.

41. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

42. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 4: INFRINGEMENT OF THE '778 PATENT

43. Plaintiff incorporates the above paragraphs herein by reference.

44. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '778 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '778 Patent also identified in the charts incorporated into this Count below (the "Exemplary '778 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '778 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

45. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '778 Patent Claims, by having its employees internally test and use these Exemplary Products.

46. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

47. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '778 Patent. On

9

information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '778 Patent. See Exhibit 11 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

48. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '778 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '778 Patent.

49. Exhibit 11 includes charts comparing the Exemplary '778 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '778 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '778 Patent Claims.

50. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

51. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 5: INFRINGEMENT OF THE '175 PATENT

52. Plaintiff incorporates the above paragraphs herein by reference.

53. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '175 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the

charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '175 Patent also identified in the charts incorporated into this Count below (the "Exemplary '175 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '175 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

54.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '175 Patent Claims, by having its employees internally test and use these Exemplary Products.

55.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

56.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '175 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '175 Patent. See Exhibit 12 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

57.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '175 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '175 Patent.

58. Exhibit 12 includes charts comparing the Exemplary '175 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '175 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '175 Patent Claims.

59. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

60. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 6: INFRINGEMENT OF THE '868 PATENT

61. Plaintiff incorporates the above paragraphs herein by reference.

62. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '868 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '868 Patent also identified in the charts incorporated into this Count below (the "Exemplary '868 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '868 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

63. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '868 Patent Claims, by having its employees internally test and use these Exemplary Products.

64. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

65. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '868 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '868 Patent. See Exhibit 13 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

66. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '868 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '868 Patent.

67. Exhibit 13 includes charts comparing the Exemplary '868 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '868 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '868 Patent Claims.

68. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 13.

69. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 7: INFRINGEMENT OF THE '727 PATENT

70. Plaintiff incorporates the above paragraphs herein by reference.

71. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '727 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '727 Patent also identified in the charts incorporated into this Count below (the "Exemplary '727 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '727 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

72. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '727 Patent Claims, by having its employees internally test and use these Exemplary Products.

73. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

74. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '727 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '727 Patent. See Exhibit 14 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

75.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '727 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '727 Patent.

76.     Exhibit 14 includes charts comparing the Exemplary '727 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '727 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '727 Patent Claims.

77.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 14.

78.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

79.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '638 Patent is valid and enforceable

B.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '638 Patent;

C.     A judgment that the '217 Patent is valid and enforceable

D.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '217 Patent;

E.     A judgment that the '170 Patent is valid and enforceable

F.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '170 Patent;

G.     A judgment that the '778 Patent is valid and enforceable

H.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '778 Patent;

I.     A judgment that the '175 Patent is valid and enforceable

J.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '175 Patent;

K.     A judgment that the '868 Patent is valid and enforceable

L.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '868 Patent;

M.     A judgment that the '727 Patent is valid and enforceable

N.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '727 Patent;

O.     An accounting of all damages not presented at trial;

P. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '638; '217; '170; '778; '175; '868; and '727 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

Q. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 1, 2025

Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff
ContentNexus LLC**